**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 15-20150-CIV-LENARD/GOODMAN

**ROY R. LUSTIG,**

      Plaintiff,

**v.**

**BARBARA STONE,**

      Defendant.

_____/

**OMNIBUS ORDER DENYING DEFENDANT'S "EMERGENCY" MOTION (1)
FOR LEAVE TO FILE OBJECTIONS TO MAGISTRATE'S REPORT, (2) FOR
ADMISSION PRO HAC VICE & SUPPORTING DOCUMENTATION BY MAIL
TO PROVIDE LOCAL COUNSEL ADDITIONAL TIME, (3) TO SET ASIDE
ENTRY OF DEFAULT, AND (4) FOR LEAVE TO FILE AN ANSWER AND
AFFIDAVITS, (D.E. 61); ADOPTING REPORT AND RECOMMENDATIONS ON
PLAINTIFF'S DAMAGES (D.E. 58); ENTERING FINAL JUDGMENT IN
FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; ENTERING A
PERMANENT INJUNCTION; DENYING ALL REMAINING PENDING
MOTIONS AS MOOT; AND CLOSING CASE**

      **THIS CAUSE** is before the Court on the Report and Recommendation of

Magistrate Judge Jonathan Goodman, ("Report," D.E. 58), filed August 18, 2015.

Therein, Judge Goodman recommends awarding Plaintiff $1.7 million in damages and

entering a permanent injunction against Defendant. (Report at 17-18.) Defendant filed

Objections on August 31, 2015, ("Objections," D.E. 59), to which Plaintiff filed a

Response on September 9, 2015 (D.E. 63).

      Also before the Court is Defendant's "Emergency Motion for Leave to File

Objections to Magistrate's Report, Motion for Leave to File Answer and Affidavits,

Motion to Set Aside Entry of Default, Answer, Motion for Admission Pro Hac Vice & Supporting Documentation by Mail to Provide Local Counsel Additional Time," ("Motion," D.E. 61), filed September 2, 2015.  Plaintiff filed a Response on September 4, 2015, (D.E. 62), to which no Reply was filed.  Upon review of the Report, Objections, Motion, Responses, and the record, the Court finds as follows.

## I.    Background

This is an action by pro se Plaintiff Roy Lustig against pro se Defendant Barbara Stone for defamation, intentional infliction of emotional distress, interference with advantageous business relationship, and injunctive relief.[1]  (See Am. Compl., D.E. 5.) On May 7, 2015, the Court entered an Order (1) dismissing Defendant's counterclaim pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket and (2) directing the Clerk to enter default against Defendant for failing to defend this action and her "repeated failures to comply with the Court's rules and Orders[.]"[2]  (D.E. 35 (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005); Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir.

---

[1]    Although they are proceeding pro se, both parties have law degrees.  Plaintiff is a member in good standing of the Florida Bar Association.  See The Florida Bar Association, www.floridabar.org, Find a Lawyer, Roy Lustig (last visited Dec. 1, 2015).  Defendant has been disbarred in Florida, see The Florida Bar Association, www.floridabar.org, Find a Lawyer, Barbara Stone Kipnis (last visited Dec. 1, 2015), and her status with the New York Bar is listed as "Delinquent," see New York State Unified Court System, Attorney Detail for Barbara S. Kipnis, www.nycourts.gov (last visited Dec. 1, 2015) (a copy of Defendant's Attorney Detail as of March 6, 2015 can be accessed at D.E. 14-2).

[2]    It bears noting that Defendant's failures to comply with the Court's rules and Orders did not stop on May 7, 2015.  (See, e.g., D.E. 39, 49, 60.)

1980).)  The same day, the Court entered an Order referring the case to Magistrate Judge
Jonathan Goodman for a determination of damages.  (D.E. 37.)

On May 19, 2015, Judge Goodman issued an Order scheduling an evidentiary
hearing on damages for July 8, 2015 at 10:00 AM.  (D.E. 42.)  On June 25, 2015, Plaintiff
filed a motion to continue the evidentiary hearing until the afternoon of July 8, 2015.
(D.E. 50.)  On June 25, 2015, Judge Goodman entered an Order granting the motion to
continue and rescheduling the evidentiary hearing for July 8, 2015 at 2:30 PM.  (D.E. 51.)
On July 8, 2015, Judge Goodman entered a paperless minute entry indicating that
Defendant failed to appear at the evidentiary hearing.  (D.E. 52.)

On August 18, 2015, Judge Goodman issued his Report, recommending that the
Court (1) award Plaintiff $700,000 in compensatory damages and $1 million in punitive
damages, and (2) enter injunctive relief.  (Report at 17-18.)  With respect to the injunctive
relief, Judge Goodman found:

> Stone has shown through her conduct a single-minded intent to
> destroy Lustig professionally and personally.  As such, the Undersigned
> finds that the damage awards recommended above are insufficient to
> provide Lustig with a complete remedy for Stone's defamation. In
> particular, the Undersigned notes that none of Stone's defamatory internet
> postings about Lustig have been taken down and they continue to damage
> his reputation and may cause him to lose additional business beyond the
> one $200,000 case he already lost as a result of the postings.
>
> Accordingly, the Undersigned recommends that Stone be (1) ordered
> to cause the internet postings found in Trial Exhibits 1, 2, 3, 5, 19, 25, and
> 30 to be taken down immediately, and (2) permanently enjoined from
> continued or repeated publishing of the statements contained in those Trial
> Exhibits.

(Id. at 17.)  Defendant filed Objections to the Report on August 31, 2015.  (D.E. 59.) Two days later, on September 2, 2015, Defendant filed her "Emergency" Motion.  (D.E. 61.)  The Court will address the issues raised in the Motion before turning to the Objections.

## II.    Discussion

### a.    Defendant's "Emergency" Motion

On September 2, 2015—two days after Defendant filed her Objections— Defendant filed an omnibus motion titled: "Emergency Motion for Leave to File Objections to Magistrate's Report, Motion for Leave to File Answer and Affidavits, Motion to Set Aside Entry of Default, Answer, Motion for Admission Pro Hac Vice & Supporting Documentation by Mail to Provide Local Counsel Additional Time.  (D.E. 61.)  Local Rule 7.1(e) provides that the Court may, "upon written motion and good cause shown," waive the normal time requirements for responses and replies "and grant an immediate hearing on any matter requiring such expedited procedure."  S.D. Fla. L.R. 7.1(e).  "The motion shall set forth in detail the necessity for such expedited procedure and be accompanied by the form available on the Court's website (www.flsd.uscourts.gov)."  Id.  Although Defendant titled her Motion an "Emergency" motion, she neither detailed the necessity for expediting the motion procedure nor accompanied the Motion with the required form.  Accordingly, the Court did not treat it as an "emergency" motion.

4

### 1.      Motion for Leave to File Objections

The Court denies the Motion's request for leave to file objections to Judge Goodman's R&R.  Defendant has already filed Objections, (see D.E. 59), and she has cited no authority holding that a party is permitted to file multiple Objections to an R&R.  Furthermore, a second set of Objections would be untimely.  Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1), a party is provided fourteen days in which to file objections to a magistrate judge's report and recommendation.  Defendant's Motion was filed fifteen days after Judge Goodman issued his Report and Recommendation.  Accordingly, Defendant's request to file a second set of objections is denied as procedurally improper and untimely.  The Court will address Defendant's timely-filed Objections in Section II(b), infra.

### 2.      Motion for Admission Pro Hac Vice

Next, the Court denies the Motion's request to admit attorney Candice Schwager pro hac vice because it fails to comply with the Special Rules Governing the Admission and Practice of Attorneys ("Special Rules").  Rule 4(b)(3) of the Special Rules requires the motion to

> designate a member of the bar of this Court . . . who is authorized to file through the Court's electronic filing system, with whom the Court and opposing counsel may readily communicate regarding the conduct of the case, upon whom filings shall be served, and who shall be required to electronically file all documents and things that may be filed electronically, and who shall be responsible for filing documents in compliance with the CM/ECF Administrative Procedures.

The Motion designates Marc J. Soss as local counsel, but Mr. Soss is not a member in good standing of the bar of the Southern District of Florida.[3]   Accordingly, Defendant's request to admit Ms. Schwager pro hac vice is denied for failure to comply with the applicable rules.

### 3.   Motion to Set Aside Default

Next, the Court denies the Motion's request to set aside default.  The Eleventh Circuit has stated that if a "party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief."  Compania Interamaericana Export-Import, S.A. v. Compania Dominicana, 88 F.3d 948, 951-52 (11th Cir. 1996).  Moreover, when "a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful."  Id. at 952.  The Court finds that Defendant has willfully defaulted.  See Order Directing Clerk to Enter Default, D.E 35 (finding that Defendant's repeated failures to comply with Court orders warranted dismissal of her counterclaim and the entry of default against her).  Nor has she otherwise shown good cause to set aside default under Federal Rule of Civil Procedure 55(c).  See id. at 951-52. Therefore, Defendant's request to set aside default is denied.

---

[3]     Mr. Soss's status with the bar of the Southern District of Florida is "fee delinquent."  Pursuant to Administrative Order 2012-004, a fee delinquent attorney "shall no longer be in good standing with this Court and as a result cannot practice before this court."  In re: Attorney Admission Renewal Fee for Retention of Membership in the Bar of This Court at 3, Admin. Order 2012-004 (Jan. 30, 2012) (citing S.D. Fla. Att'y Admis. & Prac. R. 3)).  "Those attorneys will no longer be able to file documents through the CMECF system . . . until such time as they comply with this renewal requirement by paying the renewal fee."  Id.  Although the Motion alleges that "Mr. Soss is immediately in the process of renewing and expects this will take a matter of days," (Mot. at 1), the Motion was filed over three months ago and Mr. Soss is still fee delinquent.  Accordingly, he is not a member in good standing of the bar of this Court.

### 4.     Motion for Leave to File an Answer and Affidavits

Because the Court denies Defendant's request to set aside default, it denies as moot Defendant's request for leave to file an answer and affidavits.

Accordingly, Defendant's "Emergency" Motion is denied <u>in toto</u>.  The Court now turns to Defendant's timely-filed Objections.  (D.E. 59.)

### b.     Defendant's Objections to the Report and Recommendation

Liberally construing Defendant's original Objections to Judge Goodman's Report, (D.E. 59), Defendant argues that (1) she was not provided notice of the damages hearing and entering judgment would therefore violate due process, and (2) the Court lacks subject matter jurisdiction over this action.  (D.E. 59 ¶¶ 1, 5.)[4]  Defendant does not object to the amount of damages or the injunctive relief recommended in the Report.

Upon receipt of the Magistrate Judge's Report and Movant's Objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); <u>accord</u> Fed. R. Civ. P. 72(b)(3).  The court must conduct a <u>de novo</u> review of any part of the Report that has been "properly objected to."  Fed. R. Civ. P. 72(b)(3); <u>see</u> 28 U.S.C. § 636(b)(1) (providing that the district court "shall make a <u>de novo</u> determination of those portions of the [R & R] to which objection is made").  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the

---

[4]     Defendant also raises other issues in her Objections that are completely unrelated to the issue of damages—which is the only issue remaining in this case—and which the Court will not address.

district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### 1.    Due Process

First, Defendant argues that she was not provided notice of the damages hearing and entering judgment would therefore violate due process.  (Obj. ¶ 5.)  Pursuant to Section 2C of the Case Management Electronic Case Filing ("CM/ECF") Administrative Procedures for the Southern District of Florida, pro se litigants are served and noticed by United States mail.[5]  Pursuant to Local Rule 11.1(g), pro se parties are responsible for maintaining current contact information with the Clerk of Court.

> [A] party appearing pro se shall conventionally file a Notice of Current Address with updated contact information within seven (7) days of a change.  The failure to comply shall not constitute grounds for relief from deadlines imposed by Rule or by the Court.  All Court Orders and Notices will be deemed to be appropriately served if directed either electronically or by conventional mail consistent with information on file with the Clerk of Court.

S.D. Fla. L.R. 11.1(g) (emphasis added).

On March 2, 2015, Defendant made her first appearance in this case by filing a Motion to Dismiss which included a signature block listing an address of 244 Fifth Avenue #B296, New York, New York 10001 (the "New York address").  (D.E. 12 at 5.) This New York address became Defendant's address of record to which all motions, orders, and other filings were mailed.

---

[5]      Pro se litigants may also be served and noticed in person or, if agreed, by facsimile or e-mail.  CM/ECF Admin. Proc. § 2(c).

On May 7, 2015, Defendant filed an Affidavit stating that she is a resident of Broward County, Florida, but did not include an address.  (D.E. 38 at 2.)  On May 8, 2015, Judge Goodman ordered Plaintiff to mail to Defendant "copies of all submissions he makes in this case (and all hearing and trial notices) until such time as an attorney files a notice of appearance on Ms. Stone's behalf."[6]  (D.E. 39.)  On May 19, 2015, Judge Goodman entered an Order scheduling the damages hearing for July 8, 2015 at 10:00 AM.  (D.E. 42.)  The Notices of Electronic Filing ("NEFs") for these orders indicate that they were mailed to Defendant's New York address, which was Defendant's address of record.

On June 2, 2015, Defendant filed a second Motion to Dismiss which included a signature block listing—for the first time—an address of 101 N. Ocean Drive #752, Hollywood, Florida 33019 (the "Hollywood address").  (D.E. 45 at 6.)  The Hollywood address became Defendant's address of record on June 2, 2015, and became the address to which all subsequent filings on the docket were mailed.

On June 25, 2015, Plaintiff filed a motion to reschedule the evidentiary hearing on damages for the afternoon of July 8, 2015.  (D.E. 50.)  Therein, Plaintiff certified that he mailed a copy of the motion to Defendant at the Hollywood address.  (Id. at 3.)  The NEF

---

[6]    Judge Goodman's Order requiring Plaintiff to mail hardcopies of all motions and notices to Defendant was prompted by Defendant's allegation that her "email account was hacked," for which she allegedly filed a complaint with the FBI.  (Aff. of Barbara Stone, D.E. 38 at 2.)  She blamed this email hack for her failure to receive notice of a teleconference with Judge Goodman and her subsequent failure to appear at the teleconference.  (Id.)  The Notice of Electronic Filing ("NEF") indicates that a hardcopy notice of the teleconference was mailed to Defendant at the New York address on April 22, 2015, via the U.S. Postal Service.  (See D.E. 19.)

for this motion indicates that the Court also mailed a copy of the motion to Defendant at the Hollywood address.  On June 25, 2015, Judge Goodman entered an Order continuing the evidentiary hearing on damages to 2:30 PM on July 8, 2015.  (D.E. 51.)  The NEF indicates that Judge Goodman's Order was mailed to Defendant at the Hollywood address.

On August 6, 2015, the Clerk entered a Notice of Undeliverable Mail, indicating that several filings that the Court mailed to Defendant's Hollywood address were returned undelivered, including Judge Goodman's Order of June 25, 2015 continuing the damages hearing to 2:30 PM on July 8, 2015.[7]  (D.E. 57.)  The Notice of Undeliverable Mail stated: "US Mail returned for: BARBARA STONE.  *The Court has not located an updated address for this party.  After two unsuccessful noticing attempts, notices from the Court will no longer be sent to this party in this case until a correct address is provided.*" (Id.)  A copy of this Notice was mailed to Defendant at the Hollywood address.  No subsequent filings were returned undelivered.

On August 18, 2015, Judge Goodman issued his Report and Recommendations, (D.E. 58), a copy of which was mailed to Defendant's Hollywood address.  On August 31, 2015, Defendant filed her Objections to Judge Goodman's Report, signing her name above the Hollywood address.  (D.E. 59 at 2.)

---

[7]        Three other filings were returned undelivered: (1) the Court's Order of June 23, 2015 striking Defendant's second Motion to Dismiss and denying her motion for sanctions, (D.E. 49); (2) Judge Goodman's July 8, 2015 paperless minute entry regarding the evidentiary hearing on damages, (D.E. 52), and (3) Judge Goodman's July 9, 2015 post-evidentiary hearing Administrative Order, (D.E. 54).  The NEFs for each of these filings indicate that each filing was mailed to Defendant at the Hollywood address.

Because "[a]ll Court Orders and Notices will be deemed to be appropriately served if directed . . . by conventional mail consistent with information on file with the Clerk of Court," Defendant is deemed to have received notice of the hearing.  S.D. Fla. L.R. 11.1(g).  Defendant's due process objection is therefore OVERRULED.

## 2.     Subject Matter Jurisdiction

Second, with respect to the Court's subject matter jurisdiction, Defendant has maintained throughout this case that the Parties are not diverse, which was the subject of Defendant's first Motion to Dismiss, filed on March 2, 2015.[8]  (See D.E. 12.)  "Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases."  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000) (citation omitted).  "The foundation for federal court diversity jurisdiction—the power to decide cases between citizens of different states—is Article III of the United States Constitution."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) (citing U.S. Const. art. III, § 2).  This principle is codified at 28 U.S.C. § 1332(a), which provides, in relevant part, that a district court has jurisdiction over any civil case if (1) the parties are "citizens of different States" and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to

---

[8]        The Court did not have occasion to rule upon the Motion to Dismiss before it entered default against Defendant.

which he has the intention of returning whenever he is absent therefrom." Id. (citation and quotation marks omitted). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing Harris v. Garner, 216 F.3d 970, 983 (11th Cir. 2000)). "[A] change of domicile requires '[a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely. . . .'" McCormick, 293 F.3d at 1257 (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)).[9] "The party seeking diversity jurisdiction has the burden of establishing jurisdiction by a preponderance of the evidence." Jones v. Law Firm of Hill & Ponton, 141 F. Supp. 2d 1349, 1354 (M.D. Fla. 2001) (citing Blakemore v. Mo. Pac. R.R. Co., 789 F.2d 616, 618 (8th Cir. 1986)).

Upon a thorough review of the record, the Court concludes that Plaintiff has met his burden of establishing diversity jurisdiction. This conclusion is based on the following evidence in the record:

1) A May 12, 2014 Verified Complaint filed by Defendant in the United States District Court for the Southern District of New York against, among others, Plaintiff, Florida Governor Rick Scott, and Florida Attorney General Pam Bondi, in which Defendant asserts that she "is a resident of the State of New York" and bases jurisdiction, in part, upon the diversity of the Parties' citizenship pursuant to 28 U.S.C. § 1332. See Stone v. Hertz, et al., 14-cv-03478-LAP, D.E. 1 at 8-10 (S.D.N.Y. May 12, 2014), available at D.E. 13-1. She also signs her name above

---

[9]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

a New York address and lists New York telephone and facsimile numbers (area code 212). <u>Id.</u> at 48.

2) A printout of Defendant's Florida Bar profile, which lists a New York address, telephone, and facsimile number. (<u>See</u> D.E. 14-1.)

3) A printout of Defendant's New York Bar profile, which lists a New York address and telephone number. (D.E. 14-2.)

4) A printout of Defendant's Real Estate Board of New York profile page, which lists a New York address and telephone number. (D.E. 14-3.) The profile states that she "is proud to be one of a select few of the Manhattan real estate brokers to have achieved designation as a Real Estate Board of New York residential specialist." (<u>Id.</u>) The printout also includes her Real Estate license, which includes a New York address.

5) A Verified Complaint filed by Defendant in a different division of this Court on February 26, 2015—over one month <u>after</u> Plaintiff filed this case—which she signs above a New York address and telephone number. (D.E. 15-1.)

Plaintiff notes that both the Florida and New York Bar Associations require their members to designate an official mailing address, and must notify the Bar of any changes. (<u>Id.</u> at 3-4.) He further notes that New York law has a similar requirement for real estate salespersons. (<u>Id.</u> at 4.)

Simply put, all of the record evidence indicates that at the time this Action was filed, Defendant was a citizen and domiciliary of New York. Although Defendant was present in South Florida pursuant to a Miami-Dade County Criminal Court order at the

time the Complaint was filed, (Compl. ¶ 2), there is no evidence that she intended to remain here indefinitely, as is required to show a change of domicile.  See McCormick, 293 F.3d at 1257.  As such, the Court finds that the Parties are citizens of different states for purposes of exercising diversity jurisdiction pursuant to 28 U.S.C. § 1332. Additionally, Count III alleges that Defendant interfered with an advantageous business relationship which caused Plaintiff to lose the opportunity to earn a $100,000 retainer; thus, the amount in controversy exceeds the jurisdictional threshold of $75,000.  See 28 U.S.C. § 1332(b).

Because the Parties are citizens of different states and the amount in controversy exceeds $75,000, the Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332.  Therefore, Defendant's subject matter jurisdiction objection is OVERRULED.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.  Defendant's Emergency Motion for Leave to File Objections to Magistrate's Report, Motion for Leave to File Answer and Affidavits, Motion to Set Aside Entry of Default, Answer, Motion for Admission Pro Hac Vice & Supporting Documentation by Mail to Provide Local Counsel Additional Time, (D.E. 61), filed September 2, 2015, is **DENIED**;

2.  The Report of the Magistrate Judge (D.E. 58), issued August 18, 2015, is **ADOPTED**;

3.  Final Judgement is hereby **ENTERED** in favor of Plaintiff Roy Lustig and against Defendant Barbara Stone in the amount of $1.7 million ($700,000

14

in compensatory damages and $1 million in punitive damages), for which

sum let execution issue;

4.      Defendant Barbara Stone is hereby **ORDERED** to remove the internet

postings found in Trial Exhibits 1, 2, 3, 5, 19, 25, and 30 and is

**PERMANENTLY ENJOINED** from continued and repeated publishing

of the statements contained in those Trial Exhibits;

5.      All other pending motions are **DENIED AS MOOT**; and

6.      This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of

December, 2015.

_Joan A. Lenard_

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

15